GARDEN, JUDGE:
In April of 1972, the claimant was employed as an associate professor of Speech and Dramatics at Concord College in Athens, West Virginia. At that time the applicable provision of the Concord College faculty handbook in respect to tenure provided as follows:
“A person who has taught on the college or university level three or more years before being employed for teaching service in a college or university under the control of the West Virginia Board of Education (of Regents) shall normally be employed on probationary status for three years before becoming eligible *276 for tenure. At the end of this period the president shall recommend to the governing board either that the probationary faculty member be placed on tenure or that his employment be discontinued at the end of the contractual period. In the latter event, notice shall be given at least one year prior to the expiration of the probationary period.”
Dr. Burgher, who had sufficient prior teaching experience, was thus on a probationary status for the academic years 1972-73, 1973-74 and 1974-75, the end of which he would be granted tenure or his employment would be discontinued provided notice of the discontinuance had been given him at least one year prior to the expiration of the probationary period. At the direction of President B. L. Coffindaffer, a letter dated May 16, 1974, was directed to Dr. Burgher by Dr. Marvin E. DeBoer, the Vice President for Academic Affairs and Dean of the Faculty. Because this letter is of such importance to our decision in this claim, the same is set out in full as follows:
“Dr. Ronald L. Burgher
Associate Professor of Speech and Dramatic Arts
Concord College Athens, West Virginia 24712
Dear Dr. Burgher:
You have reached that point in service with the College wherein to be in compliance with the stipulations in the Faculty Handbook regarding conditions of moving from a probationary to a tenure status, it is required that your appointment be reviewed.
Specifically, in your case, coming to Concord with prior service, the regulations require a review at the end of the second year of service at Concord so that in the event tenure is not to be awarded, the faculty member may be given the required twelve-month notice coinciding with the conclusion of the fifth probationary year of service.
Following an extensive divisional review, consultations, and an administrative review, it is with regret that I must inform you that the letter of appointment to be offered to you for the 1974-75 academic year must be a terminal one.
Under separate cover, you will receive a copy of the new Board of Regents Policy Bulletin 36 (March 12, 1974), Policy *277 Regarding Academic Freedom and Responsibility, Appointment, Promotion, Tenure and Termination of Employment of Professional Personnel. I would urge you to study that document as it relates to tenure, especially, and to note the cover resolution. If you wish to be considered for coverage by these provisions, it will be necessary for you to send your request to this office prior to July 1, 1974, for consideration and appropriate action by the President and the Board of Regents. (Emphasis added.)
If I can be of any assistance to you, please do not hesitate to stop by the office.
Sincerely,
Marvin E. De Boer”
Policy Bulletin 36, referred to in the letter was adopted by the Board of Regents on March 12, 1974, to become effective July 1, 1974. In respect to tenure Policy Bulletin 36 provides for a maximum period of probation of seven years and that at the end of six years any non-tenured faculty member will either be given notice in writing of tenure or offered a one-year written terminal contract of employment. In respect to the personnel covered by Policy Bulletin 36, the following language is used:
“The provisions of this policy relating to qualifications, contracts and tenure status, shall not apply to personnel with an effective date of employment prior to July 1,1974; provided, however, any such appointee wishing to be covered by the provisions relating to qualifications, contracts and tenure status, may request such coverage in writing prior to July 1, 1974, which request for such coverage, if approved by the President of the institution and the Board of Regents, shall entitle the appointee to coverage, and such coverage shall be noted in, and become a part of the individual’s permanent file.” (Emphasis added.)
Dr. Burgher, in an attempt to retain at least the status of a probationary employee, elected to be covered by the provisions of Policy Bulletin 36 and directed a written request to be so covered to President Coffindaffer prior to July 1, 1974, but the evidence clearly demonstrates that his request was never approved by President Coffindaffer and the Board of Regents. Dr. Burgher pursued his rights through a faculty grievance procedure, but an *278 ultimate appeal of his termination to the Board of Regents resulted in an affirmance of President Coffindaffer’s decision to terminate.
Dr. Burgher contends that Dr. De Boer’s letter of May 14, 1974, was not an effective termination in that it was conditional and that his request to be covered by Policy Bulletin 36 isolated him from any effective termination. He contends that as a result he was unlawfully deprived of an additional one year’s salary or $13,140.00, which he now seeks to recover in this claim.
In our opinion Dr. Burgher, even though he requested to be covered by Policy Bulletin 36, was never so covered because his request was never accepted by President Coffindaffer and the Board of Regents as was required by the clear language of Policy Bulletin 36 itself. Dr. DeBoer’s letter in our opinion was unconditional and unequivocal in advising Dr. Burgher that his last year of employment was a terminal one, and fully complied with the provisions of the Concord College faculty handbook relating to tenure and which was in effect on May 14,1974, the date of Dr. Burgher’s termination notice. For the reasons expressed above, we are disallowing this claim.
Claim disallowed.